107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe Pablo LUCAS, Defendant-Appellant.
 No. 96-10233.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Felipe Pablo Lucas appeals his sentence imposed after his guilty plea to possession of hydriodic acid with knowledge or reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(2). He contends that in denying him a downward adjustment for playing a minimal or minor role in the offense under U.S.S.G. § 3B1.2, the district court erred by comparing his conduct only to the conduct of two other defendants, Miguel Ramirez-Merlo and Ricardo Ochoa-Alcala, rather than to the conduct of all the coconspirators named in the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court found that Lucas, Ramirez-Merlo, and Ochoa-Alcala together manufactured large quantities of hydriodic acid for several days and denied Lucas a downward adjustment under U.S.S.G. § 3B1.2 because he participated in the manufacturing rather than only loading a vehicle or playing some other less significant role. Lucas contends that the district court erred by failing to compare his conduct to the conduct of the coconspirators who financed and managed the methamphetamine manufacturing operation, the coconspirators who purchased and transported chemicals and distributed methamphetamine, and the coconspirators who set up and ran the manufacturing laboratory. This contention lacks merit because "merely being less culpable than one's co-participants does not automatically result in minor status." United States v. Andrus, 925 F.3d 335, 338 (9th Cir.), cert. denied, 502 U.S. 889 (1991); accord United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995). Moreover, "possession of a substantial amount of narcotics" alone is grounds for refusing to grant a downward adjustment under § 3B1.2. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3